IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Terrell Bob Demond Anderson,<br><br>Plaintiff,<br>v.<br><br>Magistrate James E. Hudson,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C/A No.: 6:26-4450-JDA-KDW<br><br><br><br>REPORT AND RECOMMENDATION |

Terrell Bob Demond Anderson ("Plaintiff"), proceeding pro se and in forma pauperis, is an inmate incarcerated at the Greenville County Detention Center. He filed this civil action alleging a violation of his civil rights by Magistrate James E. Hudson ("Defendant"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the Complaint in this case without prejudice.

I. Factual and Procedural Background

Plaintiff alleges Defendant signed warrants at the Law Enforcement Center which was not done in his judicial capacity. ECF No. 1 at 4; ECF No. 1-1 at 1. Plaintiff cites to the South Carolina Code of Law and South Carolina Constitution and contends Defendant's work location is at the summary court and not the law enforcement center. ECF No. 1-1 at 1. Plaintiff contends South Carolina law "made it clear that the office held by the person issuing the warrant must be independent of connection with any law enforcement activity or authority." *Id*. Plaintiff asks the court to declare that the magistrate's location in the law enforcement center is unconstitutional,

and to direct the magistrate to relocate to the summary court and have a new magistrate review his case. ECF No. 1 at 6.

II. Discussion

A. Standard of Review

Plaintiff filed his Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

Plaintiff filed this Complaint challenging the Defendant's signing of Plaintiff's warrants. ECF No. 1. The Court notes Plaintiff has been charged with attempted murder and possession of a weapon during a violent crime in the Greenville County Court of General Sessions. *See* https://publicindex.sccourts.org/Greenville/PublicIndex/PISearch.aspx (last visited October 13, 2026).[1] It is well-settled that judges have absolute immunity from a claim arising out of their judicial actions. *Mireless v. Waco*, 502 U.S. 9, 12 (1991); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). Judicial immunity is a protection from suit, not just from ultimate assessment of damages, and such immunity is not pierced by allegations of corruption or bad faith. *See Mireless*, 502 U.S. at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"). The *Stump* Court made clear that "whether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.,* whether they dealt with the judge in his judicial capacity." 435 U.S. at 362.

Plaintiff claims Defendant does not have immunity, because Defendant clearly acted outside of his judicial capacity. ECF No. 1-1 at 2. Plaintiff alleges that the signing of the warrants at the law enforcement center violated the neutral and detached clause of the Fourth Amendment. *Id*. The factual allegations supporting Plaintiff's claims, however, fail to establish Defendant acted in the clear absence of all jurisdiction. To the contrary, Defendant's signing of a warrant in

[1]The court takes judicial notice of Plaintiff's pending cases. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("The most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.").

Plaintiff's case is a judicial action. Plaintiff's sole claim that Defendant signed the warrants at the law enforcement center fails to establish Defendant abandoned the role as a neutral and detached decision maker. Accordingly, Defendant has absolute judicial immunity from Plaintiff's claims. The undersigned recommends Plaintiff's Complaint be summarily dismissed. The undersigned further finds Plaintiff cannot cure the deficiencies in his Complaint by amendment as Defendant's signing of the warrants in this case is a judicial action, and therefore Defendant has judicial immunity. Accordingly, any amendment would be futile.

III. Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the court dismiss the Complaint without issuance and service of process.

IT IS SO RECOMMENDED.

October 15, 2026
Florence, South Carolina

Kaymani D. West
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. [I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).