IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

Terrell Bob Demond Anderson,

Plaintiff,

v.

Magistrate James E. Hudson,

Defendant.

Case No. 6:26-cv-04450-JDA

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's objections to the Report and Recommendation ("Report") of the Magistrate Judge. [Docs. 14; 21.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings.

**BACKGROUND**

On October 5, 2026, the Clerk docketed Plaintiff's Complaint in this action brought pursuant to 42 U.S.C. § 1983. [Doc. 1.] On October 15, 2026, the Magistrate Judge issued a Report recommending that the action be dismissed without prejudice and without issuance and service of process. [Doc. 14.] The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. [*Id.* at 5.] Plaintiff filed no objections within the allotted time.

On November 12, 2026, this Court issued an Order accepting the Report, incorporating it by reference, and dismissing Plaintiff's action without prejudice and

without issuance and service of process. [Doc. 18.] The same day, the Clerk docketed objections from Plaintiff to the Report. [Doc. 21.]

## DISCUSSION

In the Complaint, Plaintiff alleges a violation of his civil rights by Defendant Magistrate James E. Hudson ("Defendant") under 42 U.S.C. § 1983. [Doc. 1 at 4.] Plaintiff alleges Defendant signed warrants at the Greenville Law Enforcement Center (the "Law Enforcement Center"), and that was not done in his judicial capacity. [*Id.*; Doc. 1-1 at 1.] Plaintiff cites to South Carolina statutory law and the South Carolina Constitution and contends that Defendant's work location is at the summary court rather than the Law Enforcement Center. [Doc. 1-1 at 1.] Plaintiff claims that South Carolina law makes "it clear that the office held by the person issuing the warrant must be independent of connection with any law enforcement activity or authority." [*Id.*] Plaintiff requests that the Court declare that Defendant's location in the Law Enforcement Center is unconstitutional and to direct the magistrate to relocate to the summary courthouse and have a new magistrate review his case. [Doc. 1 at 6.]

In recommending dismissal of Plaintiff's action, the Magistrate Judge concluded that Defendant had absolute immunity because Plaintiff's claim arose out of Defendant's judicial actions. [Doc. 14 at 3–4.] In his objections, Plaintiff argues that the Magistrate Judge erred in so concluding. [Doc. 21.] Plaintiff specifically argues that the Complaint seeks declaratory and injunctive relief, and he contends that "[j]udges cannot claim judicial immunity for suits seeking only prospective, injunctive relief."[*] [*Id.* at 1.]

[*] Out of an abundance of caution for the pro se Plaintiff, the Court has reviewed the Report of the Magistrate Judge de novo.

Issues of immunity aside, to have standing to seek prospective injunctive or declaratory relief, Plaintiff must "allege[] that he faces a 'real and immediate threat of future injury'" from Defendant. *Savage v. Maryland*, 896 F.3d 260, 274–75 (4th Cir. 2018); *see Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 454 (4th Cir. 2017) ("[A]llegations . . . of past injuries do not in themselves show a present case or controversy" regarding entitlement to prospective declaratory or injunctive relief. (cleaned up)). The Complaint does not contain any such allegation. [*See generally* Doc. 1.] Accordingly, the Court presumes Plaintiff "will abide by the criminal laws of [South Carolina] in the future," and thus will have no future occasion to encounter Defendant in the Law Enforcement Center. *Slade v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 249 (4th Cir. 2005). Plaintiff's allegations are therefore insufficient to support entitlement to prospective declaratory or injunctive relief, and this Court properly dismissed Plaintiff's action.

**CONCLUSION**

For the aforementioned reasons, Plaintiff's objections [Doc. 21] are OVERRULED.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

November 17, 2026
Greenville, South Carolina

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.